**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

**HOLGUIN BRAULIO,**
*Individually and on behalf of all other
similarly situated current and former
employees*,

Plaintiff,

No. _____

v.

**FLSA Opt-in Collective Action**
JURY DEMANDED

**GAMA CONSTRUCTION COMPANY INC.**
*a Tennessee Corporation*,
and **MANUEL RAUL GONZALEZ VARELA**,
*individually,*

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Holguin Braulio ("Plaintiff"), individually, on behalf of himself, and on behalf of others similarly situated, files this Collective Action Complaint, and states as follows:

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") brought against Gama Construction Company Inc. and Manuel Raul Gonzalez Varela ("Defendants") on behalf of current and former non-exempt, hourly-paid construction workers who worked for Defendants the past three (3) years seeking damages for unpaid overtime.

## **JURISDICTION AND VENUE**

2. This Court has original jurisdiction over this action under 29 U.S.C. § 201 *et. seq.*, 29 U.S.C. § 216 (b) and 28 U.S.C. § 1331.

1

3. Venue is proper in this District pursuant to 28 U.S.C. 139 because Defendants employed Plaintiff in this District, and Defendants have conducted, and continue to conduct, business within this District during relevant periods to this action. Events, commissions, inactions, and omissions giving rise to these claims and this action occurred within this District.

## PARTIES

4. Defendant Gama Construction Company Inc. ("Gama Construction") is a Tennessee Corporation with its principal office located at 3402 Green Ridge Dr. Nashville, TN 37214. Gama Construction may be served through its registered agent and owner, Manuel Raul Gonzalez Varela, at 3402 Green Ridge Dr. Nashville, TN 37214 or wherever he may be found.

5. During the statutory period, individual Defendant Manuel Raul Gonzalez Varela ("Defendant Varela") was the owner of Gama Construction. In this capacity, he has the power to hire and fire employees and had this power over Plaintiff during the course of his relevant employment. Defendant Gonzalez Varela was ultimately in charge of Plaintiff's and putative class members' schedule, supervised their work, was instrumental in implementing Defendants' unlawful pay policies, and has knowledge of the overtime hours worked by Plaintiff, but failed to provide proper redress or lawful pay for their excessive work. In short, he is, in whole or in part, responsible for the overtime violations at issue in this lawsuit. Defendant Varela can be served at 3402 Green Ridge Dr. Nashville, TN 37214 or wherever he may be found.

6. Defendants have been the "employer" of Plaintiff and those "similarly situated" as such terms are used in and/or defined by the FLSA, at all times material to this action.

7. Plaintiff Holguin Braulio has been a resident of this District and performed work as a non-exempt employee for Defendants within this district during the three (3) year period

immediately preceding the filing of this Complaint. Plaintiff Braulio's Consent to Join this collective action is attached hereto as *Exhibit A*.

<u>**FACTUAL BASIS FOR SUIT**</u>

8. The term "putative class" refers to all hourly-paid construction workers who worked for Defendants during the previous three (3) years.

9. Defendants have been Plaintiff and the putative class' "employer" within the meaning of 29 U.S.C. § 203(d) and § 203(r) at all times material to this action.

10. At times material to this action, Plaintiff and the putative class have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States, within the three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendants have been an enterprise engaged in commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Defendants operate across several states. Plaintiff and the putative class have engaged in interstate commerce as Defendants' employees during the applicable statutory period.

12. Plaintiff estimates that at least eighteen (18) other individuals also worked for Defendants during the time that he worked there and that these individuals were subject to the same illegal practices more fully described below.

13. Plaintiff and the putative class primarily performed manual labor as Defendants' employees.

14. Plaintiff was paid approximately $20.00 per hour during the statutory period.

15. The putative class was paid $15.00 to $20.00 per hour.

16. Plaintiff and the putative class were provided the equipment necessary to complete the tasks Defendants assigned them.

3

17. Plaintiff the putative class did not have the autonomy to choose which tasks to complete or the manner of completion. Defendants directed and controlled Plaintiff the putative class' activities and work load.

18. Plaintiff the putative class invested no money in facilities or equipment beyond what is expected of a normal employee of Defendants.

19. Plaintiff and the putative class did not negotiate their manner or rate of pay with Defendants.

20. Plaintiff and the putative class regularly worked in excess of forty (40) hours per week for Defendants. However, Defendants have a practice of failing to record all of the hours worked over forty (40) per week for Plaintiff and the putative class.

21. Plaintiff and the putative class were compensated by Defendants for this unrecorded overtime work at only their regular hourly rate of pay via personal check and/or cash.

22. This resulted in, on average, seven (7) hours of unpaid overtime per week that should have been paid to Plaintiff and the putative class at one-and-one-half their regular rate of pay.

23. Plaintiff and the putative class are not able to provide a full assessment of the hours they worked because the documents necessary to provide a full assessment are in the possession of the Defendants and/or third parties. However, Plaintiff and the putative class are able to provide a reasonable estimate of the hours they worked off the clock for Defendants during the statutory period in the absence of such documents.

24. Defendants acted willfully in denying Plaintiff and the putative class overtime pay. Defendants accounted for Plaintiff and the putative class' overtime hours separately and did not compensate such hours at the required, overtime rate.

25. Defendants were unjustly enriched by their common plan, policy, and practice of failing to pay its employees' overtime, thereby enjoying ill-gained profits at the expense of Plaintiff and the

4

putative class. Defendants also enjoyed lower payroll taxes as a result of their unlawful conduct.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

27. Plaintiff brings this action on behalf of himself and the following similarly situated persons:

> All current and former hourly-paid construction worker employees of Defendants during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

28. Plaintiff and the putative class are "similarly situated" for purposes of 29 U.S.C. § 216(b) because, *inter alia*, Defendants employed a common pay scheme whereby Defendants' non-exempt construction workers were paid in a matter impermissible under the FLSA, and were denied any overtime pay thereby.

29. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the putative class with respect to Defendants' payroll policies, which universally denied Plaintiffs and the putative class all overtime compensation.

30. The collective action mechanism is superior to other available methods for a fair an efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

31. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members.

32. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

33. Plaintiff estimates that the putative class consists of (at least) approximately eighteen (18) individuals. The precise number of putative class can be easily ascertained by examining Defendants' payroll, scheduling, time keeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posing notice at Defendants' place of business/work sites.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the Court enter judgment in favor of this Complaint and:

A. Award Plaintiff and the putative class all unpaid overtime compensation against Defendants;

B. Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

C. Award Plaintiff and the putative class liquidated damages in accordance with the FLSA;

D. Award prejudgment interest (to the extent that liquidated damages are not awarded);

E. Award Plaintiff and the putative class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

F. Award post-judgment interest and court costs as allowed by law;

G. Enter an Order designating this action as an opt-in collective action under the FLSA;

H. Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. §216(b) for the claims of the class;

6

I.   Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

J.   Provide additional general and equitable relief to which Plaintiff and the putative class may be

     entitled; and

K.   Provide further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: October 30, 2020.                    Respectfully Submitted,

*s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*

and

Nina H. Parsley (TN BPR #23818)
**MICHAEL D. PONCE & ASSOCIATES**
Attorneys at Law
400 Professional Park Drive
Goodlettsville, Tennessee 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
nina@poncelaw.com

**ATTORNEYS FOR PLAINTIFFS**